Appeal number 21-2024, Eli Martinez v. Minerva Santiago. Mr. Vander Heiden. Thank you, your honors. May it please the court. I'm Adam Vander Heiden on behalf of the appellant, Martinez. I'm going to read a statement that was written by the defendant, Agent Santiago, on Friday, March 16th. We are requesting the booking pictures and fingerprint pattern and number of Hector Rodriguez, date of birth 12-22-76, a.k.a. Eli Martinez, gives the arrest date and case number. The person mentioned above provided false information, his brother's information, Eli Martinez, during his arrest back in 2015. The information requested is necessary to correct his judgment of conviction and to make sure that we can place the right person in custody. Due to this situation, his FBI number and some information on CIB are mixed or linked to the wrong person. His brother, Eli, was recently arrested on 3-15-18 and placed on hold due to this situation. It is a very complex case and your help will be greatly appreciated. Now, despite admitting that Martinez was being held under his brother's warrant, he was not released until Tuesday, March 20th. Now, the plain language of this open records request admits that Agent Santiago knew that Martinez was being held under his brother's warrant, but the district court determined that it meant something else. The district court stated that the totality of Agent Santiago's statement, coupled with the undisputed facts in the record as a whole, it is clear that Agent Santiago made this request to make sure she got the right person in custody and not as an admission that she was knowingly detaining an innocent man. Why wouldn't that be okay under our opinion in Hernandez? So, the opinion in Hernandez is very distinguishable in this case because in Hernandez, the plaintiff and the man that he was arrested under the warrant, they were twins. So, there is a reasonable inference that the official thought that Enrique and Enelio were two names for the same person. And it's undisputed in this record that Agent Santiago and Agent Garay knew by Friday that Hector Rodriguez and Eli Martinez were different people. But I think it's also undisputed that at that time, Officer Santiago did not know that Mr. Martinez was actually Mr. Martinez. And that is disputed. That is disputed, even based on what you just read. So, yes. Let's assume that's not disputed, just for purposes of argument. In light of our opinion in Hernandez, why wouldn't it be okay to keep Mr. Martinez locked up until she could determine that he was actually Mr. Martinez? So, the reason why that would not be okay is because the warrant is named for Hector Rodriguez. And that's the warrant Mr. Martinez is being held under. The second they determine that Mr. Martinez is not Mr. Rodriguez, they have no more authority to hold Mr. Martinez. But everything isn't determined. You know, given the confusion between the two brothers, isn't it reasonable to want to have more identifying information for both men before they start the release process? I mean, look, the real culprit here was Martinez's brother, who set this chain of events in motion by using Martinez's identity in 2015. The defendants took this claim of mistaken identity seriously. They immediately undertook steps to investigate and confirm Martinez's identity. And then they obtained Martinez's release once they believed they had enough information to establish that Martinez was not Rodriguez. Where would I be wrong if I thought all of that? Well, Your Honor, I don't think that you'd be necessarily completely wrong on that. But if we look at the information that was received by Agent Santiago on Monday, compared to the information that was already available at her fingertips, the only difference was that she was provided a Pennsylvania DOC printout that had a picture of Mr. Martinez and said, this is Eli Martinez. Everything else, she already had all of that. No, no, no. I mean, what she has now is their booking photographs, FBI numbers, Social Security numbers from Pennsylvania. So she has more, you know, that enables the two of them to visit Martinez and confirm that he's not Rodriguez. Well, before Monday, on Friday, Agent Santiago already had the booking photos from the booking photo of Mr. Martinez, had a Pennsylvania inmate query from Mr. Rodriguez, had Mr. Martinez's Social Security card. The record says that he was identified, Mr. Martinez was identified by his driver's license. Also had another picture of Mr. Rodriguez from an earlier mix-up under the same exact file. The only thing that Agent Santiago was able to, the only thing she got that made her determine that she had enough was the Pennsylvania DOC printout of Mr. Martinez. And if we look at the facts as a whole of what she had, and the statements even by Oscar Garay and Agent Santiago themselves, saying that they need the property to identify the person in custody, that's not the law. That's not what the Constitution guarantees, right? And Baker says, right, that we don't have a right, the pretrial detainee doesn't have a right to an investigation for a certain period of time, right? But when there's an investigation that takes place and exonerating evidence is unearthed, there's a constitutional right to have action upon those, right? How can it, I think you would probably agree that Officer Santiago was really trying to verify identities here. I don't think there's any evidence suggesting she was trying to keep him over the weekend or keep him in jail. She was trying to make sure that Artina said he was who he was and that he wasn't Rodriguez. And she kept working at that. So the standard here is deliberate indifference. Even if she was wrong on Friday, or even if she had an inkling on Friday but wanted to keep digging until she could 100% verify it, how could that be deliberate indifference? So it's deliberate indifference because in the face of all of this evidence and with an admission in writing, and this admission through the open records request was after all of this evidence was given to her too. So she's not, this isn't the first thing saying, you know. I understand. So taking all of those facts in the light and the inferences in favor of Martinez, the difference is that she knows she's holding someone under a warrant for which the warrant's not for him. She's holding an innocent person, well, innocent under that warrant. She turned a blind eye to that right to be freed if you're innocent. So she could try and determine who he was to see if he was wanted on unrelated matters. I thought, I thought, you can correct me if I'm wrong, that she's waiting for those Pennsylvania records because they show that Eli Martinez, E-L-I, was incarcerated in Pennsylvania in 2015 and therefore could not possibly have been the person who was arrested in 2015 on the probation warrant. So the information she was holding out for was very much related to confirming who the proper person in custody is. Yes, Your Honor. However, on Friday morning, Agent Santiago contacted Mr. Martinez's ex-parole officer from Pennsylvania who told her over the phone and gave her a series of dates and told her he was incarcerated during this time. I would really like to reserve the rest of my time here for rebuttal. I'm going to give you time for rebuttal. Okay, great. I'm sorry, was there another question? No, but you can finish your thought. Yes, thank you. So she already knew that Eli was incarcerated in Pennsylvania at the time of Mr. Rodriguez's arrest. She also, with the other evidence that was provided to her, knows that these are two different people. She has a picture of Hector and a picture of Eli. She has two and two. Just have to put it together. And our argument is that she actually did, but she held out to say, this is definitely Eli. We're checking his status to see if he's wanted on unrelated matters. Thank you. Thank you. Okay.  Good afternoon, Your Honors. Assistant Attorney General Carla Keecaver, appearing on behalf of the defendants Epeliz, Minerva Santiago, and Oscar Garay. This court should affirm the district court's decision granting summary judgment in favor of the defendants because no reasonable jury could conclude on these undisputed facts that the defendants were deliberately indifferent to Martinez's claim of mistaken identity. Alternatively, this court can affirm on qualified immunity grounds because no case clearly establishes that holding someone for four and a half days while investigating a claim of mistaken identity violates the Constitution. But the defendants have obtained photographs of both brothers from the inmate locator website on Friday and had Mr. McGrath in Pennsylvania confirm who Martinez was. As for the inmate locator, the record shows that Agent Garay attempted to obtain photographs of both men on Friday through the inmate locator, but didn't have access to that information. For the Pennsylvania authority, Mr. McGrath, the record indicates that Santiago contacted McGrath, gathered a lot of information from him, but did not obtain a photograph from him, and instead had to go to the Pennsylvania records office in order to request photographs of both men from their Pennsylvania supervision time and didn't receive that information until Monday. So the record shows that in this instance, unlike in Baker, the plaintiff was held for a similarly short period of time, but it's undisputed that during that time, the defendants were investigating and did not have ready access to the information they ultimately used to identify Mr. Martinez. Instead, they had to gather it from multiple sources, including out-of-state sources in Pennsylvania. If Office of Santiago knew as of Friday afternoon that Mr. Martinez was not the individual wanted on the warrant and didn't release him then, why wouldn't that be deliberate indifference? Your Honor, the facts show that Santiago did not know that Martinez was… Under Baker, there would still be a period of time during which her actions would not be deliberately indifferent because he was held for a similarly short period of time, and the cases interpreting Baker suggest that if a defendant either knows or turns a blind eye to obviously exculpatory evidence, his or her actions may rise to the level of a due process claim after a certain amount of time, but certainly the four and a half days here, no case shows that that amount of time would be deliberate indifference. So is it your position that Baker stands for the either duration or subjective intent or that you have to look at them together? How do we address the duration point if there's an issue of fact on Friday as to whether or not she knew Martinez was the individual wanted in the warrant? I think Baker establishes that you do need to look at both, but here the point that we're trying to make is that neither factor was met here. I mean, in Baker's… I understand you're trying to argue that, but if there's an issue of fact, we're at the early stage of there's an issue of fact as to what she knew on Friday afternoon, then what? I would submit that even if she knew as of Friday afternoon that she was holding the wrong person, late that afternoon, three hours after she was supposed to have left for that day, there still was a short period of time during which her actions would not rise to the level of deliberate indifference, given the practical considerations of the rules of the detention facility where Martinez was being held and other practical impediments. There would have been a short window of time that they could have continued to hold him while they worked out the practicalities of having him released. And you're saying that short window of time extended to Tuesday? On the facts, under Judge St. Eve's hypothetical, I don't know. But under the facts of this case, certainly, because there's no evidence that either defendant knew that Martinez was Martinez as of Friday afternoon. All they had was this blurry photograph from the jail. My question wasn't that she knew Martinez was Martinez. It was that she knew Martinez was not Rodriguez. Okay. So not the person wanted in the warrant. Well, in order to determine that, though, she needed to either identify Martinez as Martinez or compare the person in custody, either a picture or the person in person, with the 2015 booking photo of Rodriguez, which they did not have. Ultimately, what they did to identify Martinez was compare his, a lot of information, but his picture, his current booking photo, with a previous photo from Pennsylvania. Let me ask you about Monday. Once they figured it all out Monday, even if they thought, Santiago and Garay thought they couldn't release him, why not go interview him so that they'd be ready to have him released first thing in the morning rather than after an interview on Tuesday? I don't know why they made that decision. It certainly would not rise to the level of deliberate indifference. I think they felt they were, it wouldn't make sense to do that given that he couldn't be released that day anyway. But, again, I don't think that would rise to the level of deliberate indifference. The plaintiff argues that Baker does not apply if an official knows or should have known that they're holding the wrong person. And while some of the cases interpreting Baker suggest that that may be the case, if a defendant turns a blind eye to obviously exculpatory evidence, but here there's no evidence of that in this case. Plaintiff points to things that the defendants should have done in their investigation or minor mistakes that they made in their investigation, but that at the most would rise to the level of a negligence claim, as the district court pointed out. It does not rise to the level of a due process claim. And on the facts, the undisputed facts in this case, no reasonable jury could conclude that the defendants were deliberately indifferent. Unless the court has other questions, I don't have anything else to add. Thank you very much. Okay, Mr. van der Heyden. Would you give Mr. van der Heyden the two minutes he requested, please? Thank you for that. Your honors, may it please the court. I just want to touch on a couple of things. Make the record clear here. Agent Garai did, in fact, look up Mr. Martinez's booking photo from the 2018 arrest on the inmate locator website on Friday. That's not blurry. That's clear. He had the photo. It's a public database. Agent Santiago could have just typed it in, and she may have. She really may have. That's a determination of credibility here. And they already had a previous printout of Mr. Rodriguez. The defendants just admitted that they wanted to compare the 2015 arrest photo, but they didn't get that until after Martinez was released. And so they already had the picture of Martinez from the Pennsylvania Department of Corrections and a picture of Mr. Martinez. And then secondly, I'd just like to touch on a couple of just the timing issue compared to deliberate indifference here. So, you know, Baker, it was three days over a holiday weekend. The plaintiff and Baker was provided a certain amount of due process almost immediately after the courts were back up and running. And the official was back at work. The facility got him on Saturday. Monday was a holiday. On Tuesday morning, they took action and released him. They just compared the photo, boom, gone, right? And then I'd just like to touch on this Monday night issue. Is there a problem, though, if we say, you know, Baker says you don't have to do anything. And if we find, well, you take all these steps that Officer Santiago did, and that's deliberate indifference, it seems like we would be encouraging people not to do anything. She's not deliberately indifferent to her investigation. She's deliberately indifferent to Mr. Martinez's right to be free when she knows he's innocent. That's where the deliberate indifference is. And we see that on the Monday when she knows for a fact that Eli is Eli and Hector is Hector, but they wait until the next day. They don't see if they can let him out. They don't check and see if there's an exception to the policy. That's, again, being deliberately indifferent to the rights of Mr. Martinez. And for those reasons, we ask that this court reverse the district court and do not grant qualified immunity. Thank you, Your Honors. Thank you both very much. Case will be taken under advisement. Court will be in recess until.